**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ALI SALEH SAAD, | No. CR-02-40076 SBA |
| Movant, | **ORDER** |
| v. | [Docket No. 436] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**REQUEST BEFORE THE COURT**

Before the Court is defendant Ali Saleh Saad's Motion to Modify Sentence Handed Down by Court (the "Motion") [Docket No. 436]. Saad, in propria persona, has filed under 28 U.S.C. § 2255, claiming that he was unconstitutionally denied at sentencing a "fast track" reduction under 18 U.S.C. § 3553 and U.S.S.G. § 5K3.1. Because Saad's Motion is untimely, the Court DENIES it without prejudice.

**BACKGROUND**

On October 19, 2004, Saad pled guilty to one count of conspiracy to distribute precursor chemicals, 21 U.S.C. § 846, three counts of distribution of precursor chemicals, *id.* § 841(c)(2), and one count of conspiracy to commit money laundering, 18 U.S.C. § 1956(h). *See* Docket No. 279. On January 11, 2005, the Court sentenced Saad on each count to 120 months of confinement and three years of supervised release, all terms to run concurrently. *See* Docket No. 336. On January 13, 2005, judgment was entered. *See* Docket No. 339. On January 18, 2006, the Court granted a motion filed by the government under Federal Rule of Criminal Procedure 35(b),[1] and reduced Saad's sentence from 120 months to 108 months. *See* Docket No. 411. On May 8, 2008, Saad filed

---

[1] This rule provides that, "upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

the Motion before the Court, under 28 U.S.C. § 2255, seeking a "fast track" reduction of his sentence.  *See* Docket No. 436.

## LEGAL STANDARD

**I.       Title 28 U.S.C. § 2255**

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to modify a sentence, or grant other relief, if it concludes a prisoner's sentence "was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  If the court finds relief is warranted under section 2255, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b); *Barron*, 172 F.3d at 1157.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief.  *See U.S. v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

Among the issues for which a court might screen a section 2255 motion is timeliness.  Section 2255 has a one-year statute of limitations.  28 U.S.C. § 2255(f).  It runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; [¶] (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; [¶] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or [¶] (4) the date on which the facts supporting the

///
///
///
///

claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Dodd v. U.S.*, 545 U.S. 353, 356-357 (2005); *U.S. v. Schwartz*, 274 F.3d 1220, 1222 (9th Cir. 2001) (Congress enacted this limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).).

With regards to subdivision (f)(1) a "judgment of conviction becomes final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *U.S. v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).  Where a defendant does not seek review by direct appeal, the statute of limitations begins to run "upon the expiration of the time during which [he or] she could have sought review by direct appeal." *Schwartz*, 274 F.3d at 1223.  This time will generally expire ten days after "the entry of either the judgment or the order being appealed." Fed. R. App. Proc. 4(b); *Schwartz*, 274 F.3d at 1223 & n.1. Finality is not affected by a motion filed by the government under Rule 35, nor the possibility that the government may file such a motion, after a judgment of conviction is rendered.  18 U.S.C. § 3582(b); *Schwartz*, 274 F.3d at 1223-24.

Because section 2255's statute of limitations is tolled during the pendency of an appeal, district courts will generally not entertain a section 2255 motion during the pendency of an appeal. *See U.S. v. Davis*, 924 F.2d 501, 505-06 (3d Cir. 1991).  Further, because a section 2255 motion is not a substitute for direct appeal, a defendant may not raise claims in a section 2255 motion which he or she could have raised on direct appeal.  *See Reed v. Farley*, 512 U.S. 339, 354 (1994).

In addition to appellate tolling, section 2255's statute of limitations is subject to equitable tolling, where a defendant shows that "extraordinary circumstances" beyond his or her control made it impossible to file their motion on time and the extraordinary circumstances caused their delay. *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (adopting doctrine for section 2255).

**II.     United States Sentencing Guideline 5K3.1**

"In the mid-1990s, federal districts along the border between the United States and Mexico-in Texas, New Mexico, Arizona, and California-began to use fast-track programs to address

3

1 the growing number of immigration and drug offenses." *United States v. Marcial-Santiago*, 447
2 F.3d 715, 718 (9th Cir. 2006). "In an effort to manage large caseloads and save prosecutorial
3 resources, federal prosecutors in these districts offered shorter sentences to defendants who pleaded
4 guilty at an early stage in the prosecution and agreed to waive appeal and other rights." *Id.*
5 "Prosecutors effectuated the shorter sentences through charge-bargaining or recommendations for
6 downward departures at sentencing." *Id.*

"In 2003, in the Prosecutorial Remedies and Tools Against the Exploitation of Children
Today Act of 2003 ('PROTECT Act'), Pub.L. No. 108-21, 117 Stat. 650 (2003), Congress explicitly
authorized downward departures in fast-track programs." *Marcial-Santiago*, 447 F.3d at 718.

> The PROTECT Act directed the U.S. Sentencing Commission to 'promulgate . . . a
> policy statement authorizing a downward departure of not more than 4 levels if the
> Government files a motion for such departure pursuant to an early disposition
> program authorized by the Attorney General and the United States Attorney.'

*Id.* (quoting 117 Stat. at 675).
The Sentencing Commission then adopted U.S.S.G. § 5K3.1, which states that "[u]pon motion of the
Government, the court may depart downward not more than 4 levels pursuant to an early disposition
program authorized by the Attorney General of the United States and the United States Attorney for
the district in which the court resides." *See U.S. v. Vasquez-Landaver*, 527 F.3d 798, 804 n.6 (9th
Cir. 2008); *Marcial-Santiago*, 447 F.3d at 718. The "fast-track program" continues to operate in
districts along the United States-Mexico border as an "early disposition program" under U.S.S.G.
§ 5K3.1. *Vasquez-Landaver*, 527 F.3d at 804 n.6.

**ANALYSIS**

Saad claims that "because he was denied the opportunity to have the Fast [sic] track
reduction authorized by Congress under the PROTECT ACT [sic] . . . his sentence was incorrectly
calculated and his Constitutional [sic] rights were significantly affected as a result." Mot. at 1.
Because his Motion is untimely, the Court DENIES it without prejudice.

Saad fails to provide any facts to indicate that his limitations period began under any
subdivision other than 28 U.S.C. § 2255(f)(1). Thus, the Court must determine when his judgment

4

of conviction became final.  *See id.*  The Court entered judgment on Saad's guilty plea on January 13, 2005.  He thus had until January 23, 2005 to file a notice of appeal.  Fed. R. App. Proc. 4(b)(1)(A)(i); *Schwartz*, 274 F.3d at 1223 & n.1.  He did not.  Nor did the government's Rule 35 Motion toll his limitation's period.  18 U.S.C. § 3582(b); *Schwartz*, 274 F.3d at 1223-24.  Thus, his one-year statute of limitations began to run on January 23, 2005, and ended on January 23, 2006.  *Schwartz*, 274 F.3d at 1223.  Saad, however, did not file his Motion until May 8, 2008.  Absent equitable tolling, Saad's Motion is untimely.  Saad provides no facts, however, to indicate that "extraordinary circumstances" beyond his control made it impossible for him to file his Motion on time and caused his delay.  *Battles*, 362 F.3d at 1197.  The Court thus DENIES Saad's Motion as untimely.[2]

**CONCLUSION**

ACCORDINGLY Saad's Motion to Modify Sentence Handed Down by Court [Docket No. 436] is DENIED without prejudice.

IT IS SO ORDERED.

December 15, 2008

                                            Saundra Brown Armstrong
                                            United States District Judge

---

[2] Even if Saad had timely filed, he would still face an uphill battle explaining (1) how he has not waived his claims by failing to raise them on direct appeal, *see Reed*, 512 U.S. at 354; and (2) *assuming* the United States Attorney for the Northern District of California had an early disposition program in place under U.S.S.G. § 5K3.1, when Saad was sentenced, how *the government's decision* not to file a reduction motion under it, violated his constitutional rights.